```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF INDIANA
                            SOUTH BEND DIVISION

EDDIE D. YOUNG,                )
                               )
Petitioner,                    )
                               )
vs.                            )       NO. 3:07-CV-22
                               )
MATTHEW J. LORI and            )
MICHAEL  BOOKS,                )
                               )
Respondents.                   )
```

## OPINION AND ORDER

This matter is before the Court on the Petitioner Under 28 U.S.C § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner, Eddie D. Young, a *pro se* prisoner, on March 23, 2007.  For the following reasons, Young's petition is **DISMISSED WITHOUT PREJUDICE.**


DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Although Young states on the first page of his petition that he is challenging a state court conviction from 2004, Young goes on to explain that his claim is grounded in the fact that he was not given a pre-transfer hearing in accordance with the Uniform

Criminal Extradition Act before he was transferred from Michigan to Indiana.  Therefore, it appears that Young is not challenging his underlying conviction, but the alleged due process errors involving his extradition.  According to Young's petition, Young has not raised this issue in the Indiana state courts.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)  (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  Here, Young has admittedly not exhausted his state court remedies because he has not filed a petition for post conviction relief or the appropriate appeals in the state courts regarding this issue.  Therefore, the Court may not address his habeas corpus petition until he has exhausted his state court remedies.  As a result, Young's petition must be dismissed without prejudice.

CONCLUSION

For the reasons set forth above, Young's petition is **DISMISSED WITHOUT PREJUDICE.**

**DATED:  April 4, 2007**                    /s/RUDY LOZANO, Judge
                                              **United States District Court**

2