## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

```
EDDIE D. YOUNG,               )
                              )
Petitioner,                   )
                              )
vs.                           )    NO. 3:07-CV-22
                              )
MATTHEW J. LORI and           )
MICHAEL BOOKS,                )
                              )
Respondents.                  )
```

### OPINION AND ORDER

This matter is before the court *sua sponte*.

Petitioner, Eddie D. Young, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his extradition from Michigan to Indiana. The Court dismissed his petition without prejudice for failure to exhaust his administrative remedies on April 4, 2007. On that same date, Young filed an amended petition, wanting to add a claim for wrongful imprisonment for failure to pay child support. For the following reasons, Young's amended petition is **DISMISSED WITHOUT PREJUDICE.**

DISCUSSION

Pursuant to Rule 2 of the Rules Governing Section 2254 Cases, Young may only challenge one conviction or hearing in a petition for writ of habeas corpus. In his original petition, Young only challenged his extradition and the lack of a hearing regarding his

extradition. In the challenge that Young is attempting to add, he is challenging his imprisonment for failure to pay child support. Young has not provided any information which would lead the Court to believe that the extradition and the imprisonment for failure to pay child support are related. Therefore, if Young wishes to challenge his actual imprisonment, he needs to file a separate petition for writ of habeas corpus after he has exhausted his state court remedies on that issue.

CONCLUSION

    For the aforementioned reasons, Young's amended petition is **DISMISSED WITHOUT PREJUDICE.**

**DATED:  April 10, 2007**               /s/RUDY LOZANO, Judge
                                                       **United States District Court**